IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTONIO STAFFORD,

        Petitioner,

vs.                             Case No. 12–cv–0620–DRH

WENDY ROAL,

        Respondent.

## ORDER

**HERNDON, Chief Judge:**

    Antonio Stafford, currently incarcerated in the USP Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. In part, Mr. Stafford asks the Court to examine his loss of GED programming, because, he says, that loss is violative of the Eighth Amendment or, alternatively, "any notion of due process." No due process protections are required for officials' discretionary classification and eligibility determinations for federal rehabilitative programs. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). And the proposition that *not* giving a prisoner access to GED programming constitutes cruel and unusual punishment in violation of the Eighth Amendment is not a cognizable claim in habeas corpus. If Mr. Stafford wishes to pursue that premise in a civil rights action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), he is free to do so (at the risk of earning a "strike" under 28 U.S.C. § 1915(g), of course). But here, the portion of

Stafford's petition pertaining to his GED programming is **DISMISSED without prejudice**.

Without commenting on the merits of petitioner's remaining claims, the Court concludes that the remainder of Stafford's petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.[1]

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the

---

[1] Rule 1(b) gives this Court the authority to apply the § 2254 rules to other habeas corpus cases.

pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED.R.CIV.P. 41(b).

Finally, Petitioner's Motion to Expedite (**Doc. 6**) is **DENIED as MOOT**. The petition has passed threshold and the government, which must have adequate time to respond, has been given a thirty day deadline.

**IT IS SO ORDERED.**

**DATE: August 17, 2012**

David R. Herndon
2012.08.17
05:46:12 -05'00'

**DAVID R. HERNDON**
**Chief United States District Judge**